UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS
                           CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **REYNALDO MENCHACA** | § | |
| | § | **CIVIL ACTION NO. 06-CV-0528** |
| *vs.* | § | |
| | § | **ADMIRALTY / F.R.C.P. 9(h)** |
| **ACADIAN INTEGRATED SOLUTIONS,** | § | |
| *a wholly-owned subsidiary of* **ACADIAN** | § | |
| **AMBULANCE SERVICE, INC.** | § | |

## JOINT STATUS REPORT REGARDING MEDIATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES REYNALDO MENCHACA (hereinafter, "Plaintiff") and ACADIAN INTEGRATED SOLUTIONS, *a wholly-owned subsidiary of* ACADIAN AMBULANCE SERVICE, INC. (hereinafter, "Defendant"), and make and file this their Joint Status Report Regarding Mediation.

### I.

The Court set September 14, 2007 as the deadline for the Parties to report the results of mediation or, pursuant to the terms of the Court's General Order, to move to vacate the Court's Order of Referral to Mediation.

The Parties attempted to enter into an agreement to extend the mediation deadline from September 14, 2007 to September 28, 2007, but that agreement was not filed with the Court. Moreover, though the Parties have participated in limited, informal settlement discussions, they have not sought or obtained the services of a mediator.

Defendant contends that, in part, this was because Defendant had filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction on July 20, 2007 in which it argued vigorously that Plaintiff could not meet the minimum amount in controversy requirement. <u>See</u>, *Docket Entry No. 19*. The motion was not resolved until September 28, 2007, when Plaintiff was granted leave to file an amended complaint. <u>See</u>, *Docket Entry No. 30*. To that point, Defendant alleges that it was reluctant to put itself in a position that potentially could have prejudiced its jurisdictional arguments before this Court or Plaintiff's counsel.

The Parties believe that, though this Status Report is perhaps untimely, they should apprise the Court of the current situation.

## II.

At present, there is no mediation scheduled and, based upon the current posture of the Parties, it does not appear mediation would benefit the settlement process. However, the Parties are scheduled to depose the treating physician later this week (i.e., October 18, 2007), and it is at least possible that this additional discovery will change the Parties' position concerning mediation and/or settlement.

## III.

Since the deadline to mediate or move to vacate the Order of Referral to Mediation has expired, though Defendant believes mediation would not be helpful at this time (and, largely, Plaintiff shares that belief), Defendant is not filing a Motion to Vacate Mediation Order at this time. However, if the Court yet desires such a formal filing, notwithstanding the tardiness of same, Defendant has indicated that it will do so immediately.

In the meantime, the Parties will proceed with discovery as indicated, and otherwise in

accordance with this Court's commands, including filing their Joint Pretrial Order on or before 2:30

p.m., Friday, October 19, 2007.

Respectfully submitted,

BRUNKENHOEFER, ALMARAZ & SOLIS, P.L.L.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
Tel:    (361) 888-6655
Fax:    (361) 888-5855
bbrunk@gulfattorneys.com


s/ R. Blake Brunkenhoefer
R. Blake Brunkenhoefer
S. Dist. of Texas Identification No. 15559
State Bar No. 00783739

ATTORNEY-IN-CHARGE FOR PLAINTIFF

and

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
Tel:    (713) 599-0700
Fax:    (713) 599-0777
jbailey@gjtbs.com


s/ James T. Bailey
James T. Bailey
S. Dist. of Texas Identification No. 30347
State Bar No. 24031711

ATTORNEY-OF-RECORD FOR DEFENDANT