UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO MENCHACA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-06-528 |
| | § | |
| ACADIAN INTEGRATED SOLUTIONS, A | § | |
| WHOLLY-OWNED SUBSIDIARY OF | § | |
| ACADIAN AMBULANCE SERVICE, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On November 2, 2007, the above-captioned case came on for trial before this Court. After consideration of the evidence presented as well as the arguments of counsel, the Court enters the following findings of fact.

### I.   BACKGROUND

The following facts are not in dispute. On September 29, 2006, while Plaintiff and Defendant's employee, Paul Carriere ("Carriere"), were working on the Chevron EC 272C platform in the Gulf of Mexico, Carrier threw a fire hose up to the platform's heliport from the deck below. The fire hose bounced off the rail surrounding the heliport, fell back toward the deck where Plaintiff was standing, and struck Plaintiff in the mouth, causing Plaintiff's injuries.

After the accident, Plaintiff was transported to shore by boat. His employer checked him into a hotel because all of the dentists in the area were closed. The following day, Plaintiff went to see Dr. Luan Nguyen, D.D.S. Dr. Nguyen took x-rays of Plaintiff's mouth, prescribed Plaintiff pain killers, and scheduled Plaintiff for additional treatment.

When Plaintiff returned to Dr. Nguyen's office, Dr. Nguyen removed one of Plaintiff's front teeth and a performed a root canal on a second tooth. Dr. Nguyen then filed down the two

teeth adjacent to Plaintiff's removed tooth to create an anchor for a "bridge." Dr. Nguyen fitted Plaintiff with a temporary bridge for use while his permanent bridge was being made. Plaintiff's permanent bridge was affixed to his teeth approximately eleven months ago.

Defendant does not contest liability for Plaintiff's injuries. Rather, Defendant disputes the amount of damages claimed by Plaintiff. Plaintiff requests compensation for (1) past lost wages, (2) past medical expenses, (3) future medical expenses, (4) past pain and suffering, (5) future pain and suffering, (6) past mental anguish, (7) future mental anguish, and (8) physical disfigurement. The parties agree that $4,299.00 and $1,800.00 will compensate Plaintiff for past medical expenses and past lost wages, respectively. While Defendant agrees that Plaintiff is entitled to damages for past pain and suffering, past mental anguish, and physical disfigurement, Defendant disputes the amount of damages claimed by Plaintiff. Defendant also disputes that Plaintiff is entitled to damages for future medical expenses, future pain and suffering, and future mental anguish.

## II.   FINDINGS OF FACT

After consideration of the evidence presented at trial as well as the arguments of counsel, the Court finds by a preponderance of the evidence the following facts:

1. Plaintiff is not entitled to damages for future medical expenses;
2. Plaintiff is entitled to damages totaling $2,500.00 for past pain and suffering;
3. Plaintiff is entitled to damages totaling $1,000.00 for future pain and suffering;
4. Plaintiff is entitled to damages totaling $1,500.00 for past mental anguish;
5. Plaintiff is entitled to damages totaling $500.00 for future mental anguish; and
6. Plaintiff is entitled to damages totaling $750.00 for physical disfigurement.

**III.     CONCLUSION**

As a result of Defendant's employee's negligence, Plaintiff is entitled to recover from the Defendant damages in the amount of $12,349.00 plus reasonable costs.

Final Judgment shall issue accordingly.

SIGNED and ORDERED this 27th day of November, 2007.

                                                Janis Graham Jack
                                                United States District Judge